UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JENA FERGUSON,

                 Plaintiff,

          -against-

LIPPES MATHIAS LLP; ALESSANDRO A.
APOLITO,

               Defendants.

26-CV-3441 (LTS)

ORDER DIRECTING SIGNATURE

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff brings this action *pro se*. The complaint and *in forma pauperis* ("IFP")
application that Plaintiff submitted are unsigned. Rule 11(a) of the Federal Rules of Civil
Procedure provides that "[e]very pleading, written motion, and other paper must be signed . . . by
a party personally if the party is unrepresented." Fed. R. Civ. P. 11(a); *see Becker v. Montgomery*,
532 U.S. 757, 764 (2001) (interpreting Rule 11(a) to require, "as it did in John Hancock's day, a
name handwritten (or a mark handplaced)").

Plaintiff is directed to sign and submit the attached "Plaintiff's Certification and
Warnings" form and signature page for her IFP application within 30 days of the date of this
order. The signed documents must be labeled with docket number 26-CV-3441 (LTS).

If Plaintiff mails the signature pages to the court, or files them in person, Plaintiff must
comply with Rule 11(a) by signing the documents.

If Plaintiff submits the documents by email, to ProSe@nysd.uscourts.gov, Plaintiff may
use a digital signature or a typed name with /s/ ("/s/ Jena Ferguson") on the signature line. *See*
Local Civil Rule 5.2 ("Any document submitted . . . [by email] must be signed by the party in
one of the following ways: (a) by signing the document and then scanning it; (b) by using a
digital signature; or (c) by typing: "/s/ [Party's Name].").

No summonses shall issue at this time. If Plaintiff complies with this order, the case shall be processed in accordance with the procedures of the Clerk's Office. If Plaintiff fails to comply with this order within the time allowed, the action will be dismissed without prejudice.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that appellant demonstrates good faith when seeking review of a nonfrivolous issue).

SO ORDERED.

Dated:    April 28, 2026
          New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

2